UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HOLINESS AMISI,<br><br>   Plaintiff,<br><br>vs.<br><br>TOM MELICK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;  SUTRAN, INC., A SUBSIDIARY OF FIRST TRANSIT OF AMERICA, A DELAWARE CORPORATION;  FIRST TRANSIT OF AMERICA,  THE CITY OF SIOUX FALLS, SOUTH DAKOTA, PLANNING DEPARTMENT, AN AGENCY OF THE CITY OF SIOUX FALLS, SOUTH DAKOTA;<br><br>   Defendants. | 4:15-CV-04083-LLP<br><br><br>ORDER DENYING UNOPPOSED MOTIONS FOR 911 CALL INFORMATION<br><br>DOCKET NOS. 13 & 14 |

This matter is pending before this court on plaintiff Holiness Amisi's complaint for damages pursuant to 42 U.S.C. § 1983.  See Docket No. 1.  Currently pending is plaintiff's motion seeking an order from the court requiring Metro Communications 911 to produce to plaintiff recordings and transcripts of 911 calls from January 15, 2014.  See Docket No. 13.  Also pending is plaintiff's motion seeking an order from the court requiring Metro Communications 911 to produce to plaintiff records of calls that came into Metro in the Sioux Area Metro transit location of 120 E. 11th Street from

January 2010 to the present.  See Docket No. 14.  Both of these motions are unopposed by defendants.  See Docket Nos. 13 & 14 (in addition to plaintiff's representation that defendants do not oppose these motions, defendants have not filed responses in opposition to these motions).  The district court, the Honorable Lawrence L. Piersol, referred these two motions to this magistrate judge for determination.  See Docket No. 21.

Though defendants do not oppose the plaintiff's motions, the motions cannot be granted.  Plaintiff does not explain who Metro Communications 911 is.  The court has no independent knowledge of what kind of an organization Metro is.  Metro Communications 911 is not a named party to this lawsuit, being listed as neither a plaintiff nor a defendant.

There are two basic vehicles for obtaining documents in discovery which the Federal Rules of Civil Procedure describe.  If the documents are in the possession or control of a "party" to the lawsuit, one serves that party with a request for the production of documents.  See FED. R. CIV. P. 34.  If Metro is an arm of defendant the City of Sioux Falls, then documents in Metro's possession are probably within the city's "control."   See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, §2210, at 397 (2d ed. 1994); American Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940)).

Plaintiff's motions do not recite that plaintiff ever served the city of Sioux Falls or any other of the named defendants in this action with a Rule 34 request for the 911 documents plaintiff seeks. Even if plaintiff had served a defendant with a Rule 34 discovery request, a motion to compel compliance with that request would be premature prior to a good faith effort on the part of the moving party to try to resolve the discovery dispute. See FED. R. CIV. P. 37. Plaintiff's motion contains no certification as to whether any good faith efforts have been made to resolve a discovery dispute concerning these 911 documents. Accordingly, the current motion is not proper as an effort to enforce a Rule 34 request.

Alternatively, if Metro Communications 911 is an agency which exists independent of any of the named defendants and is therefore a "nonparty," the Federal Rules of Civil Procedure direct that plaintiff serve Metro with a subpoena *duces tecum*. See FED. R. CIV. P. 45. Serving a nonparty with a subpoena under Rule 45 entails certain safeguards to protect the nonparty from unreasonable requests and efforts. Id. If Metro does not agree with the subpoena, it can move to quash the subpoena. Id. Plaintiff does not recite in either of the two pending motions that plaintiff has served Metro with a subpoena for the documents requested.

The two pending motions cannot be granted. If Metro is within the control of the City of Sioux Falls, the motions are inappropriate because they were not preceded by serving the city with a request for the production of documents and a good faith effort to resolve any disputes over the discovery.

<u>See</u> FED. R. CIV. P. 34 & 37.  If Metro is an independent nonparty, this court has no personal jurisdiction over Metro and no authority to simply order Metro to produce documents.  And without having served Metro with a subpoena *duces tecum,* the court also has no authority to address documents in Metro's possession.  For these reasons, the court cannot grant plaintiff's motions even though they are unopposed by defendants.  Accordingly, it is hereby

ORDERED that plaintiff's motions for obtaining discovery from Metro Communications 911 [Docket Nos. 13 & 14] are denied without prejudice to plaintiff's ability to refile such motions by showing appropriate circumstances justifying the relief requested.

DATED this 9th day of October, 2015.

BY THE COURT:

*/s/ Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge